IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD LITTLE,                )
                              )
         Plaintiff,           )
                              )
    v.                        ) Civil Action No. 10-131J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
         Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 11th day of August, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for benefits on August 27, 2008, alleging a disability onset date of July 16, 2008, due to multiple sclerosis. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on November 3, 2009, at which plaintiff, represented by counsel, and plaintiff's wife appeared and testified. On November 9, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On March 19, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 27 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and §416.963(c). He has a high school education and has past relevant work experience as a cook, an assembler and an aide, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes

AO 72
(Rev. 8/82)

that plaintiff suffers from the severe impairments of multiple sclerosis, a mood disorder and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the medium exertional level but with certain restrictions recognizing the limiting effects of his impairments. (R. 12). Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff is capable of performing his past relevant work of assembler in light of his residual functional capacity. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether

AO 72
(Rev. 8/82)

a claimant is under a disability.[1] 20 C.F.R. §§404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, the ALJ found plaintiff not disabled at step 4 of the sequential evaluation process.[2] Plaintiff raises two challenges to this finding: (1) the ALJ improperly analyzed the medical evidence and failed to give appropriate weight to opinions from plaintiff's treating sources; and, (2) the ALJ failed to undertake a function by function assessment of plaintiff's ability to

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

[2] At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. §§404.1520(e) & 416.920(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a) & 416.945(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a) & 416.545(a).

perform work-related activities. Upon a review of the record, the court finds that the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence by relying upon the lay opinion of a state agency adjudicator instead of the findings of his treating physician, Dr. Sabo, who indicated on a Request for Family and Medical Leave Act ("FMLA") form that plaintiff "is unable to perform work of any kind" commencing on September 8, 2008, until "tentatively" February 28, 2009. (R. 283). Plaintiff contends that Dr. Sabo's opinion was corroborated by his neurologist, Dr. Jaramillo, who indicated on a similar FMLA form that plaintiff would be incapacitated for the period November 13, 2008, until June 30, 2009. (R. 385). Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under

the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ adequately addressed both Dr. Sabo's and Dr. Jaramillo's opinions. (R. 13-15). In particular, he noted that Dr. Sabo did not document any neurological problems or musculoskeletal problems in his physical examination findings and also pointed out that Dr. Sabo merely indicated that plaintiff would be temporarily incapacitated and also suggested that plaintiff's "condition is likely to improve." (R. 13). He further noted that Dr. Jaramillo indicated in June of 2009 that plaintiff's condition had improved and that his multiple sclerosis was stable with treatment. (R. 15).

The record clearly supports the ALJ's evaluation of the foregoing medical evidence. As an initial matter, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

Moreover, disability under the Act requires the inability to engage in substantial gainful activity by reason of an impairment "which can be expected to last for a <u>continuous</u> period of <u>at least twelve months</u>," (42 U.S.C. §1382c(a)(3)(A)(emphasis added)), not for a "temporary" period of time as suggested by Dr. Sabo and Dr.

AO 72
(Rev. 8/82)

Jaramillo. Indeed, both Dr. Sabo and Dr. Jaramillo noted improvement in plaintiff's symptoms with treatment following their initial opinions of temporary incapacitation.

Also of import in this case, both Dr. Sabo and Dr. Jaramillo rendered their opinions of temporary incapacitation on FMLA forms. However, it is well-settled that the Commissioner is to make disability determinations based on social security law and therefore an opinion from a treating source that an individual is disabled rendered on an FMLA form is not binding on the issue of disability under the social security regulations. See 20 C.F.R. §404.1504. In fact, neither Dr. Sabo nor Dr. Jaramillo ever completed a residual functional capacity assessment of plaintiff's ability to perform work-related activities under social security law and neither set forth any explanation to support their conclusions that plaintiff is disabled, even temporarily.

Based upon his review of the entire record, the ALJ concluded that plaintiff's impairments, while severe, do not result in any debilitating limitations. Because the opinions of temporary incapacitation from Dr. Sabo and Dr. Jaramillo are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, including their own objective findings, the ALJ did not err in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

To the extent plaintiff suggests that the ALJ improperly relied on the non-medical opinion of the state agency reviewer at

the expense of his treating sources, this argument is not well-taken, as it is clear from the record that the ALJ did not give controlling, or even significant, weight to the opinion of the state agency reviewer. Instead, the ALJ explicitly found that the state agency reviewer's opinion as to plaintiff's limitations was entitled to only "minimal weight" because she was "an unacceptable medical source and her opinion is not consistent with the findings of [plaintiff's] treating physicians." (R. 16).

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's other argument is that the ALJ failed to perform a function-by-function assessment of plaintiff's ability to perform work-related activities as required by SSR 96-8p. The court has reviewed the ALJ's decision and is satisfied that it complies with the dictates of SSR 96-8p in regard to the assessment of plaintiff's residual functional capacity.

The ALJ first identified plaintiff's functional limitations and restrictions and then assessed his work-related abilities as to those functions affected by those restrictions, including those set forth in 20 C.F.R. §§404.1545(b), (c) and (d) & 416.945(b), (c) and (d). The ALJ then incorporated into his residual capacity finding all restrictions on plaintiff's functional abilities

AO 72
(Rev. 8/82)

arising from his impairments that were supported by the record, including physical, environmental and mental restrictions. (R. 12). The ALJ's residual functional capacity assessment complies with the requirements of SSR 96-8p and otherwise is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
131 Market Street
Suite 200
Johnstown, PA 15901

Stephanie L. Haines
Assistant U.S. Attorney
200 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901